# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**WILLIAM MICHAEL LUCAS**                                                  **PLAINTIFF**
**#2303865**

**V.**                      **No. 3:23-cv-00172-BRW-ERE**

**ROBERT CASE,** *et al*.                                                **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.**      **Procedure for Filing Objections:**

This Recommendation has been sent to United States District Billy Roy Wilson. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact and Judge Wilson can adopt this Recommendation without independently reviewing the record.

**II.**      **Background:**

Plaintiff William Michael Lucas, formerly a pre-trial detainee at the Greene County Jail ("County Jail"), filed this civil rights lawsuit *pro se* under 42 U.S.C. § 1983. *Doc. 2*. Mr. Lucas' original complaint alleged that Defendants denied him adequate medical treatment.

On September 12, 2023, the Court entered an Order explaining to Mr. Lucas

that his original complaint was deficient but giving him the opportunity to file an amended complaint. *Doc. 5*. The Order specifically warned Mr. Lucas that if he failed to file an amended complaint, the Court would screen his original complaint, which would likely result in the dismissal of this case. *Id. at 7*.

To date, Mr. Lucas has not filed an amended complaint clarifying his constitutional claims, and the time to do so has passed. The Court will therefore screen Mr. Lucas' original complaint, as required by 28 U.S.C. § 1915A.[1]

### III.  Discussion:

####   A.  Mr. Lucas' Complaint

Mr. Lucas' complaint alleges that County Jail staff failed to provide him adequate medication and medical treatment following a suicide attempt in April 2022. He sues County Jail Administrator Robert Case, Healthcare Provider Turnkey, RN Bailey Burns, and Sheriff John Doe in their official capacity only seeking monetary damages.

However, Mr. Lucas fails to allege sufficient facts to state a plausible medical deliberate indifference claim against any Defendant.

---

[1] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

### B. Capacity

Mr. Lucas sues Defendants in their official capacity only. Mr. Lucas' claims against Defendants in their official capacity are treated as claims against Greene County. See *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010); *Jenkins v. Cnty. of Hennepin, Minn.*, 557 F.3d 628, 631-32 (8th Cir. 2009). In this § 1983 action, a county cannot be held vicariously liable for the actions of its employees. See *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 692-93 (1978); *Parrish*, 594 F.3d at 997. Rather, a county can be held liable only if an official county policy or widespread custom was the "moving force" behind the alleged constitutional violation. See *Luckert v. Dodge Cnty.*, 684 F.3d 808, 820 (8th Cir. 2012); *Jenkins*, 557 F.3d at 633. Mr. Lucas' complaint fails to allege that he suffered any constitutional injury as the result of a Greene County custom or policy. As a result, he has failed to state a plausible constitutional claim for relief against Defendants in their official capacity.

### C. Turnkey Medical

Similarly, Turnkey Medical is potentially liable only for its own unconstitutional policies, practices, and official actions. Therefore, Mr. Lucas can pursue claims against Turnkey Medical only if he alleges facts sufficient to suggest that a Turnkey Medical policy, custom, or official action inflicted an "actionable injury." *Johnson v. Hamilton,* 452 F.3d 967, 973 (8th Cir. 2006). Mr. Lucas' complaint fails to identify any Turnkey Medical policy, practice, or official action

that allegedly caused a violation of his right to constitutionally adequate medical care. Accordingly, Mr. Lucas has failed to state a plausible constitutional claim for relief against Turnkey Medical.

### D. Medical Deliberate Indifference

To state a plausible medical deliberate indifference claim against each Defendant in his or her individual capacity,[2] Mr. Lucas must allege facts which, accepted as true, are sufficient to support a reasonable inference that: (1) he had "objectively serious medical needs"; and (2) a Defendant "actually knew of but deliberately disregarded those needs." *Hamner v. Burls,* 937 F.3d 1171, 1177 (8th Cir. 2019); see also *Saylor v. Nebraska*, 812 F.3d 637, 644 (8th Cir. 2016).[3]

---

[2] Mr. Lucas has not sued Defendants in their individual capacity. However, even assuming he intended to do so, his complaint falls short.

[3] A medical need is objectively serious if it has been "diagnosed by a physician as requiring treatment" or if it is "so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Barton v. Taber,* 908 F.3d 1119, 1124 (8th Cir. 2018). When a prisoner alleges that a delay in medical treatment has violated his constitutional rights, the "objective seriousness of the deprivation should also be measured 'by reference to the *effect* of delay in treatment.'" *Laughlin v. Schriro,* 430 F.3d 927, 929 (8th Cir. 2005); see *Roberson v. Bradshaw*, 198 F.3d 645, 648 (8th Cir. 2001) (a prisoner must demonstrate that the delay in obtaining medical treatment adversely affected his prognosis, or that defendants ignored an acute or escalating situation). Importantly, "the Constitution does not require jailers to handle every medical complaint as quickly as each inmate might wish." *Jenkins v. County of Hennepin, Minnesota,* 557 F.3d 628, 633 (8th Cir. 2009).

Under the subjective component of an inadequate medical care claim, prison officials may not "deliberately delay or deny prisoners' medical care," but a prisoner "must show more than negligence, more even than gross negligence," to make out a constitutional violation. *Hamner,* 937 F.3d at 1177; see *Roberts v. Kopel,* 917 F.3d 1039, 1042 (8th Cir. 2019) (deliberate indifference requires a mental state "akin to criminal recklessness"). Significantly, prisoners "have no right to receive a particular or requested course of treatment," and prison medical personnel "remain free to exercise their independent

The complaint contains no facts to show: (1) how each Defendant was aware of Mr. Lucas' need for medication or medical treatment; and (2) many times each Defendant denied him medical treatment or medication.

Thus, Mr. Lucas fails to state a plausible medical deliberate indifference claim against any Defendant in his or her individual capacity.

## IV. Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

1. Mr. Lucas' complaint be DISMISSED, without prejudice, based on his failure to state a plausible constitutional claim for relief.

2. The Clerk be instructed to close this case.

3. The Court certify that an in forma pauperis appeal of this dismissal would be frivolous and not taken in good faith.

4. In the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g).

Dated 17 October 2023.

_____
UNITED STATES MAGISTRATE JUDGE

---

medical judgment." *Barr v. Pearson*, 909 F.3d 919, 921 (8th Cir. 2018). It is well-settled that a prisoner's "mere difference of opinion over matters of expert medical judgment or a course of medical treatment fails to rise to the level of a constitutional violation." *Id.* at 921-22 (citation and alterations omitted).